UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED MARKETING &
PROCESSING, INC. d/b/a
PROTECT MY CAR                        Case No.:

    Plaintiff,

v.

DRIVESMART AUTO CARE INC.

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Advanced Marketing & Processing, Inc. d/b/a Protect My Car ("Protect My Car") files this Complaint against Defendant, DriveSmart Auto Care Inc. ("DriveSmart").

### NATURE OF ACTION

1.    Protect My Car and DriveSmart are competitors in the extended car warranty marketplace. Over the last several months, DriveSmart has engaged in an intentional and fraudulent nationwide campaign to interfere with Protect My Car's relationships with its customers. DriveSmart has contacted countless customers of Protect My Car, informing these customers that Protect My Car is (i) going out of business, (ii) is a fraudulent company, (iii) is under investigation, or (iv) is a scam. DriveSmart has told other customers of Protect My Car that it is affiliated with Protect My Car and assuming control of its contracts with its customers, only to trick these customers into signing an extended warranty with DriveSmart. Numerous customers

of Protect My Car have cancelled their contracts as a result of DriveSmart's fraudulent and outrageous conduct. Protect My Car therefore seeks damages and injunctive relief against DriveSmart for tortious interference with a contract and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

### PARTIES, JURISDICTION, VENUE

2.      Protect My Car is a Florida corporation with its principal place of business located in Pinellas County, Florida.

3.      Defendant, DriveSmart, is a New Jersey Corporation licensed to do business in Florida. DriveSmart can be served through its registered agent, Registered Agents, Inc., at 7901 4th Street North, Suite 300, St. Petersburg, Florida 33702.

4.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5.      DriveSmart is subject to the personal jurisdiction of this Court because it is registered to do business in Florida, and regularly conducts business in Florida by selling extended warranties to Florida residents. As described in more detail below, DriveSmart has also committed tortious and fraudulent acts in Florida by contacting Protect My Car customers located in Florida, tortiously interfering with their contracts with Protect My Car, and thereby causing significant and irreparable damage in Florida to Protect My Car, a Florida corporation.

6.      Venue for this action is proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because DriveSmart is subject to personal jurisdiction in this judicial district, and is

therefore deemed to reside in this judicial district, and the cause of action accrued in this judicial district.

**GENERAL ALLEGATIONS**

7.     Protect My Car is a leading provider of extended car warranty plans for vehicles that are no longer covered by their manufacturer's warranty. Founded in 2005, Protect My Car has grown from a small business in Pinellas County, Florida to serving customers across the United States.

8.     Protect My Car has spent considerable time, money, and effort investing in its reputation, goodwill and customer relationships. Protect My Car spends significant funds on advertising, is heavily involved in community service projects, and spends considerable resources training its employees to provide the best customer service possible.

9.     Protect My Car prides itself on providing fair and efficient claims administration for its customers.

10.     In light of these efforts, Protect My Car has an A+ rating from the Better Business Bureau[1], and was named the Best Maintenance Benefits program of 2021 among all extended car warranty providers by the reputable Motor1 publication.[2]

---

[1]   *See   https://www.bbb.org/us/fl/saint-petersburg/profile/auto-service-contract-companies/protect-my-car-0653-90067737*. Last visited on October 13, 2021 at 9:24 a.m.

[2] *See https://www.motor1.com/reviews/380790/protect-my-car/*. Last visited on October 13, 2021 at 9:25 a.m.

11.     DriveSmart is a competitor of Protect My Car. DriveSmart's Chief Executive Officer, Daniel Rodd, is the principal officer of DriveSmart's affiliate, Motor Vehicle Assurance ("MVA") which also sells extended car warranties.

12.     In June and July of 2020, the New York Post published articles detailing lawsuits filed by former MVA employees against Mr. Rodd and MVA. According to the Post, these former employees accused MVA of being a "hotbed of racism" and that Mr. Rodd not only condoned, but participated in the racist behavior.[3] For example, one lawsuit includes photographs of Mr. Rodd allegedly dressed up as Adolf Hitler for Halloween; another year, Mr. Rodd allegedly dressed up as Donald Trump sitting on top of a racist caricature of a Mexican person.

13.     These former MVA employees also claimed that they were "required to pretend to be from car dealerships" in order "to gain a client's trust before bilking them out of their hard earned cash", and that they were also instructed to charge credit cards for extended warranties before they had customer permission.[4]

14.     In early 2021, following the wake of these lawsuits and the severe negative press that they generated, DriveSmart was registered to do business across the United States, including in Florida.

---

[3]   *See* https://nypost.com/2020/07/15/ceo-at-racist-nj-company-photographed-in-hitler-costume/ . Last visited on October 13, 2021 at 9:40 a.m.

[4]   *See* https://nypost.com/2020/06/08/nj-company-hotbed-of-racism-drug-use-and-fraud-suit-claims/. Last visited on October 13, 2021 at 10:47 a.m.

Case 8:21-cv-02477-JSM-JSS   Document 1   Filed 10/22/21   Page 5 of 11 PageID 5


15.     In other words, it appears that DriveSmart has emerged as the successor to MVA, in an attempt by MVA and Mr. Rodd to distance themselves from the negative publicity and goodwill associated with the MVA brand.

16.     While DriveSmart has apparently changed its name, its fraudulent conduct remains the same.

17.     From April through October of 2021, Protect My Car has received calls from its customers located all over the United States, including Florida, North Carolina, Michigan, Virginia, Tennessee, Ohio, and Illinois, regarding DriveSmart's efforts to interfere with Protect My Car's relationships with its customers.

18.     Some customers were told by DriveSmart that Protect My Car was "under investigation", was no longer in business, was a "fraudulent company" that refused to pay warranty claims, was a "scam", and was "illegitimate." DriveSmart would then convince these customers to cancel their contracts with Protect My Car and sign up for an extended warranty with DriveSmart.

19.     Other customers were informed that DriveSmart was affiliated with Protect My Car and taking over Protect My Car's contracts with its customers, or that the sales representative actually worked for Protect My Car. These representatives would tell the customers that they were making a payment on their Protect My Car warranty, but in actuality, DriveSmart signed the customers up for new extended car warranties with DriveSmart. After the payment was processed, DriveSmart informed the customers that they needed to contact Protect My Car directly to cancel their contracts and get a refund.

20.    Other customers have complained that DriveSmart obtained their bank account or credit card information under the guise that they were Protect My Car, and charged the customers' bank accounts or credit cards for a DriveSmart extended warranty without their permission.

21.    Protect My Car has only learned of DriveSmart's intentional and fraudulent acts after its customers contacted Protect My Car to cancel their contracts and complain about DriveSmart's tactics. Protect My Car used an in-house software to search for the term "DriveSmart" in approximately one-third of all calls made to its call center over the last month.

22.    Through this process, Protect My Car has identified at least 30 customers who have called Protect My Car to cancel their contracts because of the conduct described above. Needless to say, these 30 customers represent only a small subset of a presumably larger base of customers that DriveSmart has contacted:

    a.   M.D., contract numbers 525011 and 525012, a Florida customer;[5]

    b.   J.M. contract number 496560, a Florida customer;

    c.   H.S., contract number 422810, a Florida customer;

    d.   C.P., contract number 518488, a Michigan customer;

    e.   W.M.A., contract numbers 508653 and 508648, a Virginia customer;

    f.   C.L., contract numbers 501263 and 540152, a North Carolina customer;

    g.   W.F., contract number 497882, a Tennessee customer;

[5] Protect My Car is using its customers' initials, instead of disclosing their full names, to protect their privacy rights.

6

h.  A.L., contract number 485034, an Ohio customer;

i.  T.K., contract number 479868, an Illinois customer;

j.  M.C., contract number 479194, a North Carolina customer;

k.  M.S., contract number 475060, a North Carolina customer;

l.  L.M., contract number 470697, a Texas customer;

m.  F.R., contract number 465308, a Florida customer;

n.  R.M., contract numbers 464288 and 464248, a Minnesota customer;

o.  M.D., contract numbers 457200 and 457199, a North Carolina customer;

p.  D.R., contract number 454797, a Texas customer;

q.  R.B., contract number 444815, a South Carolina customer;

r.  K.H., contract number 438738, a Connecticut customer;

s.  T.B., contract numbers 408911 and 527776, an Ohio customer;

t.  S.M., contract number 403306, an Illinois customer;

u.  K.S., contract number 389952, a North Carolina customer;

v.  J.P., contract numbers 388138 and 459791, a Massachusetts customer;

w.  P.D, contract number 380243, a Georgia customer;

x.  D.H., contract number 375301, an Alabama customer;

y.  E.P., contract number 372820 and 447583, an Illinois customer;

z.  S.W., contract number 357097, an Alabama customer;

aa. R.B., contract number 344611, an Illinois customer;

bb. R.G., contract number 328317, an Arkansas customer;

cc. T.J., contract number 211359, an Arkansas customer; and

dd.C.B., contract number 181857, an Ohio customer.

23.     DriveSmart's conduct has caused Protect My Car to suffer significant damages, including the revenue that was lost from pre-maturely cancelled contracts; the damage to Protect My Car's reputation and goodwill caused by DriveSmart's false claims that Protect My Car was under investigation, a fraudulent company, and a scam, etc.; and the damage to its reputation and goodwill caused by DriveSmart – whose affiliate and CEO have credibly been accused of racism – falsely holding itself out as an affiliate of Protect My Car.

## COUNT I: TORTIOUS INTERFERENCE WITH CONTRACTS

24.     Protect My Car incorporates by reference paragraphs 1 through 23.

25.     This is an action for tortious interference with Protect My Car's contractual relationships with its customers.

26.     Protect My Car had valid and enforceable contracts with its customers.

27.     DriveSmart was aware of the contracts between Protect My Car and its customers.

28.     DriveSmart has intentionally and unjustifiably interfered with these contracts by, among other things:

   a.  Scaring customers into cancelling their policies with Protect My Car by telling them Protect My Car was "under investigation", was no longer in business, was a "fraudulent company" that refused to pay warranty claims, was a "scam", and was "illegitimate";

   b.  Claiming DriveSmart was affiliated with Protect My Car and assuming control of Protect My Car's contracts;

    c.   Claiming Protect My Car was going out of business and transferring its customers' contracts to DriveSmart; and

    d.   Claiming the sales representative worked for Protect My Car and was accepting payment on the Protect My Car warranty, when in fact they were signing customers up for a DriveSmart warranty without their consent.

29.    As a result of DriveSmart's intentional and unjustifiable interference, Protect My Car has been damaged. This damage includes, but is not limited to, lost profits from the contracts being terminated prematurely and the irreparable harm to Protect My Car's reputation and goodwill.

WHEREFORE, Protect My Car asks this Court to enter judgment against DriveSmart, award Protect My Car the compensatory damages it has suffered, enjoin DriveSmart from engaging in any similar conduct in the future, and grant such further relief as this Court deems just under the circumstances.

### COUNT II: VIOLATIONS OF § 501.201, FLA. STAT., FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

30.    Protect My Car incorporates by reference paragraphs 1 through 23.

31.    This is an action for violations of section 501.201, *et. seq.*, Florida Statutes, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA).

32.    Section 501.204, Fla. Stat. provides that any unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce is unlawful.

33.    The following acts made by DriveSmart constitute unconscionable acts or practices, and unfair or deceptive acts in the conduct of trade or commerce:

    a. Scaring customers into cancelling their policies with Protect My Car by telling them Protect My Car was "under investigation", was no longer in business, was a "fraudulent company" that refused to pay warranty claims, was a "scam", and was "illegitimate";

    b. Claiming DriveSmart was affiliated with Protect My Car and assuming control of Protect My Car's contracts;

    c. Claiming Protect My Car was going out of business and transferring its customers' contracts to DriveSmart; and

    d. Claiming the sales representative worked for Protect My Car and was accepting payment on the Protect My Car warranty, when in fact they were signing customers up for a DriveSmart warranty without their consent.

34. Protect My Car has suffered actual damages as a result of DriveSmart's unconscionable, unfair, and deceptive acts or practices.

35. Protect My Car has retained Trenam Law to represent it in this case and is obligated to pay them attorneys' fees for their professional services. Protect My Car is entitled to recover its reasonable attorneys' fees and costs from DriveSmart pursuant to section 501.2105, Fla. Stat.

WHEREFORE, Protect My Car asks this Court to enter judgment against DriveSmart, award Protect My Car the compensatory and statutory damages it has suffered, enjoin DriveSmart from engaging in any similar conduct in the future, award Protect My Car the reasonable attorneys'' fees and costs it has incurred as a result of filing this action, and grant such further relief as this Court deems just under the circumstances.

Dated: October 22, 2021

/s/ Patrick M. Causey
Patrick M. Causey
Florida Bar No. 86443
pcausey@trenam.com/jstraw@trenam.com
Ashlyn R. Banks
Florida Bar No. 1002580
TRENAM, KEMKER, SCHARF, BARKIN
FRYE, O'NEILL & MULLIS, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, Florida  33701
T: (727) 824-6185 / Fax: (727) 820-0835
Attorneys for Plaintiff