**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ADVANCED MARKETING &
PROCESSING, INC. d/b/a
PROTECT MY CAR,

     Plaintiff,                                             Case No.: 8:21-cv-2477-JSM-JSS

v.

DRIVESMART AUTO CARE INC.,

     Defendant.
_____/

**STIPULATED FINAL JUDGMENT, PERMANENT
INJUNCTION, AND RESERVATION OF JURISDICTION TO ENFORCE
TERMS OF INJUNCTION AND SETTLEMENT AGREEMENT**

       THIS CAUSE came before the Court on the Joint Motion for Entry of Stipulated Final Judgment, Permanent Injunction, and Reservation of Jurisdiction to Enforce Terms of Injunction and Settlement Agreement (the "Joint Stipulation") filed by Plaintiff, Advanced Marketing & Processing, Inc. d/b/a Protect My Car ("Plaintiff") and Defendant, DriveSmart Auto Care Inc. ("Defendant") (collectively the "Parties"). Having reviewed the Joint Stipulation, and being otherwise fully advised in the matter, it is **ORDERED AND ADJUDGED** that:

       1.     The Court accepts the stipulation agreed to by the Parties. The Court notes that Defendant has not admitted to liability in this case, but has consented to the entry of injunctive relief. This injunction shall serve to enjoin Defendant and its related corporate entities and shall not constitute an admission.

1

2. The Court finds that Plaintiff is entitled to permanent injunctive relief against Defendant and all of its related corporate entities and the Court enters a permanent injunction against Defendant, as follows: Effective at 12:01 a.m. Eastern Standard Time from the date this Order is signed, Defendant and all of its related corporate entities, are enjoined from doing the following:

    a. Defendant may not engage, directly or indirectly, in unfair competition which would interfere with Plaintiff's relationships with its customers.

    b. Neither Defendant, nor its agents, employees, officers, or directors will tell anyone that Plaintiff (1) is a fraudulent company; (2) is a "scam"; (3) is under investigation by any state or federal government (unless Plaintiff has in fact formally ceased operations); (4) is going out of business or otherwise no longer operational; and/or (5) will deny claims submitted.

    c. Neither Defendant, nor its agents, employees, officers, or directors, will make any false or defamatory statements against Plaintiff.

    d. Neither Defendant, nor any of its agents, employees, officers, or directors will tell anyone that Defendant (1) is affiliated with Plaintiff in any way; (2) is acquiring or assuming control over Plaintiff or Plaintiff's contracts with its customers; or (3) make any other statements or use any other language which suggests an association or affiliation exists between Defendant and Plaintiff.

3. All other matters in this action against Defendant shall be dismissed with prejudice, other than the issues related to or arising out of the enforcement of this

injunction or the Settlement Agreement.

4. Each side shall bear their own fees and costs arising out of the above styled action.

5. This Court reserves jurisdiction for a period of one (1) year from the date this Order is signed to enforce the terms of this injunction and the Settlement Agreement.

6. Execution of this Final Judgment shall henceforth issue.

**DONE** and **ORDERED** in Tampa, Florida, this March 3, 2022.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record